UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.

MIRLEN MOLINA, on her own
behalf and on behalf of those
similarly situated,

                Plaintiff(s),

v.

ADRIANA CAMUSSO, individually,
ROBERTO CAMUSSO, individually,
CAMROS HOLDINGS, INC., a Florida
corporation, ROCNAT1, INC., a Florida
corporation, d/b/a Chevron, and XYZ
ENTITIES 1-10 (fictitious names of
unknown liable entities),

                Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
**(Collective Action Complaint)**

1. Plaintiff, MIRLEN MOLINA, on her own behalf and on behalf of those similarly situated ("Plaintiff" or "MOLINA"), brings this action against ADRIANA CAMUSSO, individually, ROBERTO CAMUSSO, individually, CAMROS HOLDINGS, INC. ("CAMROS"), ROCNAT1, INC. ("ROCNAT1"), d/b/a Chevron, and XYZ ENTITIES 1-10 ("XYZ ENTITIES"), hereinafter collectively referred to as the "Employer" or "Defendants", except when referred to individually, and alleges:

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff , MIRLEN MOLINA, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

3. Defendant, ADRIANA CAMUSSO, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. Defendant, ROBERTO CAMUSSO, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5. Defendant, CAMROS, is a Florida for-profit corporation and conducts business in Miami-Dade County, Florida.

6. Defendant, ROCNAT 1, is a Florida for-profit corporation and conducts business in Miami-Dade County, Florida.

7. By filing this Complaint, Plaintiff consents in writing to be a party to this collective action on the FLSA claims pursuant to 29 U.S.C. §216(b). [1]

8. The claims under the FLSA pursued by Plaintiff may also be pursued by those who opt-in to this case as collective action members pursuant to 29 U.S.C. § 216(b).

9. At all times relevant to this action, Defendants, ADRIANA CAMUSSO, ROBERTO CAMUSSO, CAMROS, ROCNAT1, and the XYZ ENTITIES have owned and operated a Chevron gas station located at 10541 S.W. 40th Street, in Miami-Dade County, Florida (the "Chevron"), where the Plaintiff was employed as a service employee.

10. Plaintiff brings this action against Defendants for unpaid minimum wage and overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as well as for alleged violations of the Florida Minimum Wage Act, Florida Statutes §448.110, *et seq.*

---

[1] Attached hereto is a Consent to Join signed by Plaintiff, MIRLEN MOLINA, opting in to this Collective Action.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

11. At all times relevant to this action, the Defendants were "enterprise(s) engaged in interstate commerce," as defined by the FLSA, and regularly operated a business engaged in commerce, or in the production or the sale of goods for commerce, as defined by the FLSA, 29 U.S.C. §203(r) and 203(s).

12. At all times relevant to this action, Defendant, ADRIANA CAMUSSO, owned, managed and/or operated, or participated in the operation of, CAMROS, ROCNAT1, and the XYZ ENTITIES. Defendant, ADRIANA CAMUSSO, regularly exercised the authority to hire and fire employees of Defendants, including the Plaintiff, determined the manner in which Plaintiff and other employees of Defendants would be compensated, established the work assignments to be carried out by Plaintiff and other employees of Defendants, set the work hours and rates of pay of Plaintiff and other employees of Defendants, shared fees and other revenues with, controlled the finances of, and/or participated in how revenues and expenses of CAMROS, ROCNAT1, and/or the XYZ ENTITIES were managed. By virtue of such control and authority, Defendant, ADRIANA CAMUSSO, was Plaintiff's employer, as defined by the FLSA, 29 U.S.C. §203(d).

13. At all times relevant to this action, Defendant, ROBERTO CAMUSSO, owned, managed and/or operated, or participated in the operation of, CAMROS, ROCNAT1, and the XYZ ENTITIES. Defendant, ROBERTO CAMUSSO, regularly exercised the authority to hire and fire employees of Defendants, including the Plaintiff, determined the manner in which Plaintiff and other employees of Defendants would be compensated, established the work assignments to be carried out by Plaintiff and other employees of Defendants, set the work hours and rates of pay of Plaintiff and other employees of Defendants, shared fees and other revenues with, controlled the finances of, and/or participated in how revenues and expenses of CAMROS,

ROCNAT1, and/or the XYZ ENTITIES were managed. By virtue of such control and authority, Defendant, ROBERTO CAMUSSO, was Plaintiff's employer, as defined by the FLSA, 29 U.S.C. §203(d).

14. Defendants, XYZ ENTITIES, comprise and/or operate one or more divisions, subsidiaries, and/or affiliated companies that are owned and/or operated by Defendants ADRIANA CAMUSSO and ROBERTO CAMUSSO, including CAMROS and ROCNAT1. Defendants XYZ ENTITIES are fictitious names for companies, partnerships, joint ventures, corporations, and/or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff as alleged in this Complaint. The true names and capacities of these XYZ ENTITIES are unknown to Plaintiff at this time and/or include fictitious names or unincorporated businesses or trade names under which Defendants have conducted business, such that Plaintiff will amend the Complaint and join all additional responsible entities and/or individuals as necessary and appropriate when they are fully discovered and can be properly and correctly named in this action.

15. At all times relevant to this Complaint, ADRIANA CAMUSSO, ROBERTO CAMUSSO, COMRAS, ROCNAT1, and the XYZ ENTITIES shared employees, had common management and/or ownership, and/or acted in the direct interest of each other towards a collective interest while exercising common control over operations, and therefore constitute joint employers of Plaintiff (and of those similarly situated), as defined by the FLSA, 29 U.S.C. §203(d).

16. Based upon information and belief, at all times relevant to this action, the Defendants individually and/or collectively had an annual gross volume of sales (or business done) of not less than $500,000.00.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

17. The work performed by Plaintiff, and those similarly situated, involved the selling or handling, on a regular and recurrent basis, of "goods" and "materials," including gas and other consumables and products, as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce.

18. All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

19. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. 1367(a), as they arise under the FLSA.

20. Florida Minimum Wage Amendment, Fla. Const. Article X, § 24, and the Florida Minimum Wage Act.

21. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367, because these claims are related to, and form part of, the same case or controversy as Plaintiff's federal claims.

22. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA, the Florida Minimum Wage Amendment, Fla. Const. Article X, § 24, and the Florida Minimum Wage Act (collectively, the "Florida Minimum Wage Laws").

23. At all times relevant hereto, ADRIANA CAMUSSO was directly involved in the day-to-day operations of the Employer and/or was directly responsible for the supervision of the Plaintiff and other similarly situated employees. Further, she is the President of CAMROS and the Vice-President of ROCNAT1, as well as the signatory on the CAMROS checks used to pay the Plaintiff and others similar situated. Therefore, ADRIANA CAMUSSO is personally liable for the allegations alleged herein.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

24. At all times relevant hereto, ROBERTO CAMUSSO was directly involved in the day-to-day operations of Employer and/or was directly responsible for the supervision of the Plaintiff and other similarly situated employees. Further, he is the Secretary of CAMROS and President of ROCNAT1, as well as the signatory on the ROCNAT1 checks used to pay the Plaintiff and others similar situated. Therefore, ROBERTO CAMUSSO is personally liable for the allegations alleged herein.

## GENERAL ALLEGATIONS

25. Defendants operate one or more gasoline stations in Miami-Dade County Florida.

26. At all material times to this action, Plaintiff, and those similarly situated, worked for the Defendants as service employees.

27. At all times relevant to this action, Plaintiff, and other similarly situated employees, were hourly, non-exempt, service employees, including cashiers, who worked for Employers.

28. From on or about January 25, 2016 to July 30, 2016, Plaintiff MOLINA worked for Defendants as a cashier at the Chevron.

29. During the period of Plaintiff's and the other similarly situated employees' employment with the Defendants, the Defendants had control over said employees' working conditions, as well as over the unlawful employment policies and practices alleged herein.

30. Defendants routinely did not pay Plaintiff, and other similarly situated employees, for all regular hours worked.

31. Defendants knew that Plaintiff, and other similarly situated employees, regularly worked in excess of forty (40) hours per week. Defendants, however, routinely did not pay

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

Plaintiff, and those similarly situated employees, the applicable overtime rate for any overtime hours worked.

32. Instead, Defendants paid Plaintiff, and other similarly situated employees, a salary every week. In the case of the Plaintiff, she was paid $316.46 per week, regardless of the hours she worked above forty (40) hours.

33. Defendants did not allow the Plaintiff or other similarly situated employees to keep records of their hours.

34. At all times relevant to this action, Plaintiff worked an average of fifty-one (51) hours per week, making the hourly rate paid by Defendants to Plaintiff as $6.20 per hour.

35. At all times relevant to this action, the Florida minimum wage was $8.05 per hour.

36. At all times relevant to this action, Defendants employed other individuals who performed the same or similar job duties as Plaintiff under the same pay provisions as Plaintiff.

37. By paying Plaintiff and those similarly situated an hourly wage below the required minimum of $8.05 per hour, Defendants violated the FLSA minimum wage provisions as well as the Florida Minimum Wage Laws.

38. On or about July 30, 2016, while working her shift at the Chevron, Plaintiff fell in front of several employees and customers, and suffered an injury.

39. On or about July 30, 2016, following her work-related fall and injury, Plaintiff asked Defendant, ADRIANA CAMUSSO, about her workers' compensation rights.

40. On or about July 30, 2016, upon Plaintiff asserting and/or inquiring about her workers' compensation rights, Defendant, ADRIANA CAMUSSO, terminated Plaintiff's employment, in violation of Florida's Workers' Compensation Law, Chapter 440, Florida Statutes.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

41. Moreover, by retaliating against Plaintiff for asserting her workers' compensation rights, Defendants also violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the National Labor Relations Act, all of which govern workplace retaliation.

42. As of date this Complaint was filed, Plaintiff has been unable to find employment.

43. Plaintiff and those similarly situated retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

44. All conditions precedent to filing this action, if any, have been satisfied.

## COUNT I
## FLSA MINIMUM WAGE VIOLATION UNDER 29 U.S.C. §206)
## (Collective Action Pursuant to 29 U.S.C. 216(b))

45. Plaintiff readopts and reincorporates the allegations contained in Paragraphs 1 through 44 above. Plaintiff, and those similarly situated, performed the same or similar jobs as the Plaintiff, in that they provided cashier and other similar services for the Defendants.

46. Plaintiff and those similarly situated employees were subjected to similar pay provisions in that Defendants routinely paid a fixed salary every week, regardless of how many hours Plaintiff, and those similarly situated, worked in excess of forty (40) hours each workweek.

47. Defendants did not pay Plaintiff, and other similarly situated employees, overtime compensation for any time worked in excess of forty (40) hours in a workweek.

48. The policies or practices of Defendants, as set forth in this Complaint, were applicable to Plaintiff and other similarly situated employees. Application of these policies or practices did not depend on the personal circumstances of Plaintiff or of those joining the proposed collective actions in this Complaint. Rather, the same policies or practices of Defendants, which resulted in the non-payment of the applicable minimum wage to Plaintiff,

apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> **All service employees who worked at Defendants' gas station(s) during all material times to this action, and who were not compensated at least at the full minimum wage for all regular hours worked.**

49. The size of the class and identity of the FLSA collective action class can be ascertained from the business records of the Defendants.

50. A collective action is appropriate in this circumstance because Plaintiff and the proposed collective action members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay at least the minimum wage to their employees. As a result of this policy, Plaintiff and the proposed collective action members did not receive the legally-required minimum wage.

WHEREFORE, Plaintiff respectfully requests, on behalf of herself and of the collective action members, that judgment be entered against Defendants ADRIANA CAMUSSO, ROBERTO CAMUSSO, CAMROS, ROCNAT1, and the XYZ ENTITIES:

    a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FLSA;

    b. Awarding the Plaintiff and other employees similarly situated, minimum wage compensation, and other benefits in the amount calculated;

    c. Awarding the Plaintiff, and other employees similarly situated, liquidated damages;

    d. Awarding the Plaintiff, and other employees similarly situated, attorneys' fees, costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

9

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

e. Awarding Plaintiff, and other employees similarly situated, post-judgment interest; and

f. Awarding Plaintiff, and other employees similarly situated, such other and further relief as this Court deems just and proper.

## COUNT II
## FLSA OVERTIME VIOLATION, 26 U.S.C. §207
## (Collective Action Pursuant to 29 U.S.C. 216(b))

51. Plaintiff readopts and reincorporates the allegations contained in Paragraphs 1 through 44 above.

52. Plaintiff, and those similarly situated employees, performed the same or similar jobs as the Plaintiff in that they provided cashier and other similar services for the Defendants.

53. Plaintiffs, and those similarly situated employees, were subjected to similar pay provisions in that Defendants routinely paid a fixed salary every week, regardless of how many hours Plaintiff, and those similarly situated, worked in excess of forty (40) hours each workweek.

54. Defendants did not pay Plaintiff, and those similarly situated, overtime compensation for any time worked in excess of forty (40) hours per workweek.

55. The policies or practices of Defendants, as set forth in this Complaint, were applicable to Plaintiff and those similarly situated employees. Application of these policies or practices did not depend on the personal circumstances of Plaintiff or of those joining the proposed collective actions in this Complaint. Rather, the same policies or practices of Defendants, which resulted in the non-payment of overtime to Plaintiff, apply to all members of the proposed collective action. Accordingly, members of the collective action are properly defined as:

**All service employees who worked at Defendants' gas station(s) during all material times to this action, and who were not paid at least the applicable overtime rate of time and a half their regular rate of pay pursuant to the FLSA for hours worked over forty (40) in a workweek.**

56. The size of the class and identity of the FLSA collective action class can be ascertained from the business records of the Defendants.

57. A collective action is appropriate in this circumstance because Plaintiff and the collective action members are similarly situated, in that they were all subjected Defendants' illegal policies of failing to pay overtime for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the proposed collective action members did not receive the legally-required overtime payments for all hour worked in excess of forty (40) hours per week.

58. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages pursuant to the FLSA.

59. As a result of the intentional, willful and unlawful acts of Defendants, the Plaintiff and other similarly situated employees have suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

60. The Plaintiff, and those similarly situated, are entitled to an award of reasonable attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests, on behalf of herself and of other similarly situated employees, that judgment be entered against Defendants ADRIANA CAMUSSO, ROBERTO CAMUSSO, CAMROS, ROCNAT1, and the XYZ ENTITIES:

    a. Declaring that Defendants, jointly and severally, violated the overtime wage provisions of the FLSA.

b. Declaring that Defendants, have violated the maximum hour provisions of 29 U.S.C. § 207.

c. Awarding the Plaintiff, and other employees similarly situated, overtime compensation;

d. Awarding the Plaintiff, and other employees similarly situated, liquidated damages;

e. Awarding the Plaintiff, and other employees similarly situated, attorneys' fees, costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff, and other employees similarly situated, post-judgment interest; and

g. Awarding Plaintiff, and other employees similarly situated, such other and further relief as this Court deems just and proper

**COUNT III**
**FLORIDA CLAIM FOR UNPAID WAGES**
**ARTICLE X, §24, FLORIDA CONSTITUTION AND FLA. STAT. §448.110**
**(By Plaintiff and on Behalf of the Class)**

61. Plaintiff adopts and incorporates the allegations contained in Paragraphs 1 through 44 above.

62. This count is brought pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110.

63. Through counsel, Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. § 448.110 by serving a notice and demand letter on Defendants at least 15 days prior to the filing of this action (the Pre-Suit Notice").

64. As of the filing of this Complaint, Defendants have not tendered the full amount of the wages demanded by Plaintiff in the Pre-Suit Notice.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

65. Defendants willfully and intentionally refused to pay Plaintiff, and those similarly situated class members, the minimum wage for all hours that she and they worked during the relevant time period.

66. Defendants either knew or recklessly failed to investigate whether their failure to pay Plaintiffs and the class members a minimum wage for each of the hours they worked during the relevant time period violated the Florida Minimum Wage Laws, and then failed to timely correct their violation.

67. Claims for violations of the Florida Minimum Wage Laws may be brought as a class action.

68. The Plaintiff brings this case as a class action against all Defendants on behalf of herself and a class consisting of:

> **All persons who worked for the Defendants as service employees during the five years preceding this lawsuit, who were not paid at least the full minimum wage pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. §448.10.**

69. The definition of the class as set forth above is subject to amendment upon completion of discovery.

70. The proposed class is so numerous as to make separate joinder of each member impracticable, as the class will be comprised of more than twenty (20) absent class members. Though the exact number and identity of class members is not presently known, they can be identified through the review of records in Defendants' possession, custody and control.

71. Many of these affected employees have identical claims to the named Plaintiff.

72. The named Plaintiff's claims raise questions of law and fact common to each member of the class, which include, but are not limited to:

13

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

a. Whether other service employees have been paid a direct wage by Defendants that is less than the applicable Florida minimum wage;

b. Whether other service employees were paid a fixed weekly salary and were not paid overtime when the employee worked more than forty (40) hours in a workweek;

c. Whether other service employees kept records of their hours; and

d. Whether Defendants' failure to compensate Plaintiff and the class members at the applicable Florida minimum wage rates was willful, intentional or done with reckless disregard.

e. Whether the Plaintiff and the class have sustained damages, liquidated damages, and if so, the proper measure thereof.

73. The relief sought by Plaintiff and other similarly situated employees is common to the entire class and include:

a. Payment by the Defendants of actual damages caused by their failure to pay the appropriate minimum wages pursuant to the Florida Minimum Wage Laws;

b. Payment by the Defendants of liquidated damages; and

c. Payment by the Defendants of costs and expenses of the action, including attorneys' fees.

74. The Plaintiff's claims are typical of the claims of the members of the class because:

a. Plaintiff and the proposed class were similarly subjected to a company-wide policy or rule that forbade them from clocking in and out;

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

b. Plaintiff and the proposed class were similarly subjected to a company-wide practice of paying a fixed weekly salary regardless of whether the amount paid complied with the applicable minimum wage and overtime pay laws;

c. Plaintiff and the proposed class were similarly subjected to a company-wide rule that required them to work over forty (40) hours in a workweek.

75. The named Plaintiff will vigorously pursue the claims alleged herein on her own behalf and on behalf of other similarly situated class members. The named Plaintiff claims no adverse interests to the proposed absent class members because they assert the same claims under the Florida Minimum Wage Laws and seek the same relief as would the absent class members if each were to bring a similar action individually. The named Plaintiff will adequately protect and represent the interests of each absent class member.

76. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, class certification is appropriate because the Florida Minimum Wage Laws claims alleged on behalf of the class, as described in this Complaint, predominate over any question of law or fact affecting only individual members of the class. The predominant questions of law or fact are clear, precise, well-defined, and applicable to the named Plaintiff, as well as to every absent member of the proposed class.

77. Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following: (1) this action challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for Defendants for a short period of time, and their individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

do not have the resources to bring their claims individually; (4) the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants; and (5) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

78. Notice of a certified class action and of any result or resolution of the litigation can be provided to class members by first-class mail, email, publication, website, or such other methods of notice as deemed appropriate by the Court.

79. The relief sought is common to the entire class including, *inter alia:*

a. Payment by the Defendants of actual damages caused by their failure to pay the applicable Florida minimum wage pursuant to the Florida Minimum Wage Laws;

b. Payment by the Defendants of liquidated damages caused by their failure to pay Florida minimum wage pursuant to the Florida Minimum Wage Laws; and

c. Payment by the Defendants of the costs and expenses of this action, including Plaintiff's and the class members' attorneys' fees.

WHEREFORE, Plaintiff, MIRLEN MOLINA, on behalf of herself and those similarly situated members of the class, demands judgment, jointly and severally, against Defendants, ADRIANA CAMUSSO, ROBERTO CAMUSSO, CAMROS, ROCNAT1, and the XYZ ENTITIES, for unpaid minimum wages, an equal amount in liquidated damages, equitable relief, declaratory relief, post-judgment interest, costs of suit and reasonable attorneys' fees, and such other further relief as the Court may deem just and proper.

BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BOULEVARD, PENTHOUSE 2, CORAL GABLES, FLORIDA 33134, TEL: (305) 329-2990

**DEMAND FOR JURY TRIAL**

Plaintiff, and those similarly situated collective action and/or class action members, demands a trial by jury of all issues so triable.

January 13th, 2017.

                                      Respectfully submitted,

                                      BERENS, FERNANDEZ & ASSOC.
                                      Attorneys for Plaintiff
                                      2100 Ponce de Leon Blvd., PH-2
                                      Coral Gables, Florida  33134
                                      TEL. 305-329-2990

                                   By: /s/ Andres F. Fernandez
                                        ANDRES F. FERNANDEZ
                                        Florida Bar No.: 111967
                                        JEANETTE ESCUDERO
                                        Florida Bar No.: 11104
                                        KEVIN P. ACKERMAN
                                        Florida Bar No.: 115385